UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

NIGEL M. REID, II, )
 )
      Plaintiff, )
 )
v. ) No. 2:18-cv-90
 ) Judge Phillips
AUBREY'S RESTAURANT, INC., )
and JASON WARD, )
 )
      Defendants. )

## MEMORANDUM OPINION

Plaintiff Nigel M. Reid, II, acting pro se, has filed several claims arising from the termination of his employment with Aubrey's Restaurant in Morristown, Tennessee. He has named Aubrey's Restaurant, Inc. and Jason Ward as defendants in this civil action. Mr. Ward has filed an Alternative Motion to Dismiss and/or for Summary Judgment [Doc. 12], with supporting affidavits and a memorandum of law [Doc. 13]. No response to the motion has been filed and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

For the reasons set forth herein, Mr. Ward's motion [Doc. 12] will be **GRANTED**.

**I.    Relevant Facts**

Plaintiff worked as a dishwasher for Aubrey's Restaurant beginning on or about December 1, 2017 [Doc. 1 at p. 9]. On January 3, 2018, plaintiff complained about sexual harassment by another Aubrey's employee, defendant Jason Ward [*Id.* at pp. 2, 4—5]. Mr.

Ward states that he was employed by Aubrey's, a private business that operates a chain of restaurants, at the time of the events alleged in the complaint [Doc. 12-1 at ¶ 2]. Mr. Ward was not an employee of any governmental entity [*Id.* at ¶ 3].

On January 15, 2018, plaintiff was terminated from his employment with Aubrey's for being a no-call, no-show [Doc. 1 at p. 2]. Plaintiff alleges that he was discriminated against and retaliated against because of his race, his sex, and his disability [*Id.* at p. 10]. He has asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 1983 [*Id.* at pp. 1, 10].

Counsel for Mr. Ward, Thomas J. Garland, Jr., states that he discussed the instant motion and the legal bases for the motion with the plaintiff [Doc. 12-2 at ¶¶ 3—4]. Mr. Garland further states that plaintiff referred to naming Mr. Ward as a defendant "as a minor mistake" and "he knew that he could not sue Mr. Ward personally under these federal statutes" [*Id.* at ¶ 4]. After receiving assurances that the dismissal of Mr. Ward individually would not affect his claims against Aubrey's Restaurants, Inc. and that he could still call Mr. Ward as a witness, Mr. Garland represents that plaintiff "does not object to correcting the minor mistake so as to *only* dismiss Jason Ward" [*Id.* at ¶¶ 5—7].

II.   **Standard of Review**

Defendant Ward has presented his motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or (6), or alternatively as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. 12]. Because Mr. Ward has submitted affidavits for consideration

which are outside the pleadings, the Court will review the motion as a motion for summary judgment.[1]  Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of establishing that no genuine issues of material fact exist.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993).  All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  "Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. 317).  To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which

---

[1] The Court may consider documents attached to a Rule 12(b)(6) motion without converting it into a summary judgment motion if the attached materials are referenced in the plaintiff's complaint and are central to the claims, or if the documents are matters of public record.  *Kassem v. Ocwen Loan Serv., LLC*, 704 F. App'x 429, 432 (6th Cir. 2017).  The affidavits submitted with the motion contain information that is not referenced by the complaint.  Therefore, the Court finds it more appropriate to apply a summary judgment review to the pending motion and notes that plaintiff has not objected to consideration of the motion as such.

a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* The instant motion presents no factual disputes; instead, the motion presents only a question of law as to whether Mr. Ward is a proper defendant under the statutes asserted.

**III. Analysis**

Mr. Ward argues that he cannot be sued under any of the statutes by which plaintiff seeks relief [Doc. 12]. Mr. Ward was not a governmental employee and therefore he was not acting under color of law pursuant to 42 U.S.C. § 1983. Further, Mr. Ward was not an "employer" as defined by either Title VII or the ADA. The Court agrees with Mr. Ward on each of these claims.

In order to state a claim under § 1983, a plaintiff must allege the violation of a constitutional right and show that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Mr. Ward was not an employee or agent of any governmental entity; he was merely an employee of a private business. Accordingly, he could not have acted under color of state law and cannot be sued under § 1983.

Title VII prohibits discrimination and retaliation by employers on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such person." 42 U.S.C. § 2000e(b). An individual employee or supervisor is not considered an "employer" under Title VII and therefore may not be held personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). There is no dispute that Mr. Ward was simply another employee of Aubrey's Restaurant and not plaintiff's employer. Accordingly, he cannot be liable for any violation of Title VII.

Similarly, the ADA prohibits discrimination in employment against qualified individuals with a disability. 42 U.S.C. § 12112(a). An employer is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks … and any agent of such person." 42 U.S.C. § 12111(5)(A). As with Title VII, an individual employee is not an "employer" under the ADA and is therefore not subject to liability. *Woods v. Moore*, No. 17-6128, 2018 WL 1363806 at *2 (6th Cir. Feb. 8, 2018); *Satterfield v. Tennessee*, 295 F.3d 611, 616 n.4 (6th Cir. 2002). Accordingly, Mr. Ward cannot be liable for any violation of the ADA.

For all of these reasons, defendant Ward is not subject to liability under the statutes alleged by the plaintiff. Thus, the claims against him should be dismissed.

## IV. Conclusion

For the reasons set forth herein, defendant Ward's motion to dismiss and/or for summary judgment [Doc. 12] will be **GRANTED** and the claims against defendant Ward will be **DISMISSED**. An appropriate order will be entered.

        s/ Thomas W. Phillips
        SENIOR UNITED STATES DISTRICT JUDGE