UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| NIGEL M. REID II, | ) |
| | ) |
| Plaintiff, | ) 2:18-CV-00090 |
| | ) |
| vs. | ) |
| | ) |
| AUBREY'S RESTAURANT INC., | ) |
| | ) |
| Defendant | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Nigel M. Reid, II filed a Notice of Appeal [Doc. 60] appealing the District Court's Order granting Defendant's motion for summary judgment [Doc. 58] and the Order and Judgment dismissing Plaintiff's claims with prejudice [Doc. 59]. Plaintiff subsequently filed application to proceed *in forma pauperis* filed on May 4, 2020 [Doc. 62]. This application is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and the standing orders of this Court.

In support of his application to proceed *in forma pauperis*, Plaintiff states that he receives Social Security Disability Income ("SSDI") but does not set forth the amount of his monthly benefits. [Doc. 62, p.1]. He further states that has Seven-Hundred Eight Dollars and Fourteen Cents ($708.14) in a savings account and no other assets of any kind. *Id.* at pp. 3-5. Aside from claiming he receives an unspecified amount of SSDI income, Plaintiff's application states he receives no income from any sources. *Id.* at pp. 1, 3. Plaintiff lists his liabilities and expenses as totaling Eight-Hundred Seventy and 00/100 ($870.00) Dollars per month. *Id.* at p. 7. While Plaintiff states in his Affidavit that he has little, if any, of his income left each month after paying

his bills [Doc. 62, p.1], he has left the Court without a way to assess the accuracy of that statement by failing to disclose the amount of his monthly SSDI benefits. Because Plaintiff paid the filing fee related to this action at the district court level, there is no other Affidavit for the Court to reference in assessing Plaintiff's ability to pay. The Court also notes that because Plaintiff did not proceed *in forma pauperis* in the district court, he is not automatically entitled to proceed as such in the appeal. *See* Fed. R. App. P. 24(a)(3)(A); s*ee also Speiser v. U.S. Bank*, No. 3:10-CV-98, 2011 WL 704511, at *1 (E.D. Tenn. Jan. 27, 2011), *report and recommendation adopted*, No. 3:10-CV-98, 2011 WL 704500 (E.D. Tenn. Feb. 17, 2011).

"The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn,* 107 F. App'x 520, 521 (6th Cir. 2004); *see also Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). All applications to proceed *in forma pauperis* must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1), which states that a party who desires to appeal *in forma pauperis* must file a motion in the district court, and attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> 
> (B) claims an entitlement to redress; and
> 
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24 (a)(1). By excluding from his Affidavit the amount of his monthly SSDI payments, Plaintiff has failed to fully comply with Rule 24(a)(1)(A).

Even if Plaintiff had fully complied with Rule 24(a)(1)(A) and through that compliance had demonstrated indigency, that would not have ended the Court's inquiry. Pursuant to Rule 24(a)(1)(B) and (C), Plaintiff was also required to include in his Affidavit a claim that he was entitled to redress and set forth the issues he intends to present on appeal. *See also* 28 U.S.C. §

1915(a) (1); *Scott v. Patrick,* No. 1:06-cv-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007) ("Section 1915(a)(1) requires an affidavit by plaintiff identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'").

Here, Plaintiff filed a Notice of Appeal [Doc. 60] wherein Plaintiff appeals the judgment entered against him in this matter. [Docs. 58 & 59]. In the Notice of Appeal, Plaintiff requests the Court to "allow me to correct my mistakes on my complaint to show of a matter of law that my rights were violated by the 42 U.S.C. 1983, Title VII or the ADA Act of 1993." [Doc. 60, p. 1 (quoted as written)]. Even taking into account Plaintiff's *pro se* status and construing the Notice of Appeal liberally, Plaintiff does not adequately identify the issues he intends to present on appeal nor why he is entitled to "correct" his mistakes on his complaint; thus, he has also failed to comply with Rule 24(a)(1)(B) and (C).

For these reasons the Court recommends that the application to proceed *in forma pauperis* pursuant to Fed. R. App. P. 24 [Doc. 62] be **DENIED**.[1] Pursuant to Fed. R .App. P. 24(a)(5), the Court also advises Plaintiff that if the District Court adopts this Report and Recommendation, Plaintiff has the right to file a motion to proceed on appeal *in forma pauperis* in the Court of Appeals within 30 days after service of the notice that this application has been denied, which must

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall,* 806 F.2d 636 (6th Cir.1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers,* 829 F.2d 1370 (6th Cir.1987).

include a copy of the Affidavit filed in the District Court and the District Court's statement of reasons for its action.

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge